# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOYCE THOMAS, | ) | CASE NO. 05-64078 |
| | ) | |
| Debtor. | ) | ADV. NO. 06-6078 |
| | ) | |
| ANNE PIERO SILAGY, TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| JOYCE THOMAS, et al., | ) | **PUBLICATION)** |
| | ) | |
| Defendants. | ) | |

Now before the court is the motion filed by third party defendant General Title and Trust Company ("General Title") to dismiss the third party complaint filed by defendant JP Morgan Chase Bank ("Chase"). In the motion, General Title argues that the court lacks jurisdiction and that Chase failed to state a claim upon which relief could be granted. Chase responded to the motion and opposed the relief sought by General Title.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The main complaint is a core proceeding pursuant to 28 U.S.C. 157. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

At the time of her bankruptcy filing, debtor owned two parcels of real estate. The trustee commenced this adversary to obtain authorization to sell the parcel known as "Barn/Stables." Chase asserted an interest in the property by virtue of a mortgage recorded with the county recorder. The mortgage did not contain a legal description of the Barn/Stables property, but instead contained a legal description of the other parcel ("House and Tack Shop"), both parcel numbers and the physical address used by both properties. The trustee succeeded on her complaint for sale of the Barn/Stables property as set forth in an agreed order granting her motion for summary judgment entered on May 15, 2007. This order held that Chase had no mortgage on the Barn/Stables property.

On January 8, 2007, Chase filed a third party complaint against several defendants, including General Title. General Title is a title insurance underwriter and underwrote the title insurance policy on the Barn/Stables mortgage transaction. Republic Title Agency, Inc. ("Republic Title"), the title insurance and settlement agent involved in the closing of the transaction, issued the title insurance policy. The essence of the complaint is that the title agency involved in the mortgage transaction failed to include the legal description for the Barn/Stables property and Republic Title, the title agency and General Title, the title insurer, are therefore liable to Chase for damages. The third party complaint states that the proceeding is non-core, but otherwise related to a case under chapter 11. General Title and Republic Title filed answers denying the allegations of the third-party complaint and raised several affirmative defenses, including lack of jurisdiction and failure to state a claim upon which relief could be granted. On February 13, 2007, General Title filed an amended motion to dismiss the third party complaint on the same grounds.

## PARTIES' ARGUMENTS

General Title argues that the third-party complaint is a non-core unrelated proceeding because the outcome of the third-party complaint does not affect the administration of the debtor's estate or debtor's rights. According to General Title, the third-party complaint stands to benefit defendant Chase only. Further, General Title points out that there are no claims for contribution or indemnity and the claims are independent of the claims in the main adversary complaint. General Title seeks dismissal of the complaint under Federal Rules of Bankruptcy Procedure 7012 and 7014.

Chase opposes the relief sought by General Title. It is Chase's position that the claims in both the main complaint and the third-party complaint arise from the same set of facts and, under the doctrine of judicial economy or on the theory that a properly pled third party complaint enjoys derivative jurisdiction, the claims should be heard and determined by this court. Chase also contends that a bankruptcy court has jurisdiction of, but cannot enter final orders in, non-core, unrelated proceedings.

## LAW AND ANALYSIS

As grounds for its motion to dismiss, General Title cites Federal Rule of Bankruptcy Procedure 7012(b), incorporating Federal Rule of Civil Procedure 12(b) - (h). Specifically, General Title contends that, under Fed.R.Bankr.P. 7012(b)(1), the court does not have jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A court must decide questions of subject matter jurisdiction first. *See* Official Pillowtex LLC v. Hollander Home Fashions Corp., 2007 WL 879578 (S.D. Ohio 2007) (reporter citation not yet available) (citing City of Heath, Ohio v. Ashland Oil, Inc., 834 F.Supp. 971, 975 (S.D. Ohio 1993) (other citation omitted)). When subject matter jurisdiction is contested, the plaintiff bears the burden of proving jurisdiction exists. *See* Official Pillowtex, 2007 WL 879578, *2 (citing Rogers v. Stratton Indus., 798 F.2d 913, 915 (6th Cir. 1986)).

In considering a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff can undoubtedly prove no set of facts in support of his claims that would entitle him to relief." Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed2d 145 (1990)); *see also* Transue & Williams Stamping Co. V. Jackson (In re Transue and Williams Stamping Co., 1994 WL 413308 (Bankr. N.D. Ohio 1994) (unreported) (citations omitted).

Chase alleges that its third-party complaint is a non-core, related proceeding. The basis for jurisdiction therefore lies in 11 U.S.C. §§ 1334 and 157. If the matter is a non-core related proceeding, a bankruptcy court may hear the proceeding, but is require to submit proposed findings of fact and conclusions of law to the district court for final order or judgment. *See* 11 U.S.C. § 157(c)(1). Under 11 U.S.C. § 157(b)(3), the bankruptcy court is responsible for determining whether a proceeding is core or related to a case under title 11.

The question posed in the motion to dismiss is whether the third party complaint raises a claim which is related to the bankruptcy case. In accordance with Sixth Circuit precedent, "[a] matter is related to a bankruptcy case 'if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" Merigian v. Sanders Confectionery Prod., Inc. (In re Sanders Confectionery Prod., Inc.), 973 F.2d 474, 482 (6th Cir. 1992) (quoting Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc., 930 F.2d 1132, 1142 (6th Cir. 1991) (quotation omitted)). "The matter need not directly involve the debtor, as long as it 'could alter the debtor's rights [or] liabilities,' but an 'extremely tenuous connection' will not suffice." Sanders Confectionery, 973 F.2d at 482 (quoting Wolverine Radio, 930 F.2d at 1142); *see also* Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).

The original adversary complaint was a motion to sell estate property. Debtor did not oppose the sale and eventually plaintiff (the chapter 7 trustee) and defendants entered into an agreed order granting trustee's motion for summary judgment. The agreed order specifically found that Chase had no interest in the subject property and permitted trustee to sell the property. Trustee's rights, and the rights of the estate, are not subject to expansion or limitation by the outcome of the third party complaint.

The third party complaint includes four counts against General Title, the title insurer, and Republic Title, the title insurance agency, for alleged breaches of duty in writing the title insurance policies when debtor mortgaged the property. None of the counts seek to recover from the trustee or the bankruptcy estate. There are no claims for contribution or indemnity which would draw the trustee or estate into the fray. Neither the trustee or estate stand to benefit from litigation of the third party complaint, nor will either be subject to liability. There are no allegations of wrongdoing by debtor which could fall to the estate. Upon finding that Chase does not have an interest in the property,

the third party complaint becomes a matter solely between Chase and third party defendants.

Although both the original complaint and the third party complaint are based upon the same transactions, overlapping facts are not sufficient to confer jurisdiction, even when judicial economy is promoted. *See, e.g.,* Transue & Williams, 1994 WL 413308 at *4-5. Jurisdiction is a prerequisite. Further, to the extent that Chase argues that the bankruptcy court has jurisdiction over a non-core, unrelated proceeding, Chase is wrong. *See* Celotex, 514 U.S. at 308 (stating, in footnote 5, that the appellate cases adopting a test for the definition of "related to" "make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor.").

## CONCLUSION

The claims of the third party complaint seek to determine whether the title insurer and agency, defendants in the third party complaint, are responsible for the omission of the legal description in the deed. If Chase succeeds in proving this, it will be entitled to damages from third party defendants. However, it will not have recourse against the trustee, debtor or the bankruptcy estate. Chase agreed that it did not have an interest in the Barn/Stables property and the third party complaint will not alter that fact. Thus, the outcome of the third party complaint will not impact the administration of the bankruptcy estate by the trustee, making the third party complaint an unrelated, non-core proceeding, over which the court has no jurisdiction. Dismissal is appropriate.

The third party complaint was filed against both General Title and Republic Title. Only General Title sought dismissal, but the grounds are identical as to both General Title and Republic Title. Accordingly, the court extends the motion and order *sua sponte* to Republic Title.

An order in accordance with this opinion is entered contemporaneously.

/s/ Russ Kendig
---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Phillip D. Schandel
116 Cleveland Ave., N.W.
Suite 109
Canton, OH 44702

Anne Piero Silagy
220 Market Ave., S., #300
Canton, OH 44702

John S. Kaminski
Day Ketterer Ltd.
200 Market Ave., N., #300
Canton, OH 44702

Holly N. Wolf
Manley Deas Kochalski LLC
1400 Goodale Blvd., #200
Grandview, OH 43212

Katherine E. Rudzik
26262 Broadway Ave.
Cleveland, OH 44146

Gregory W. Happ.
238 W. Liberty St.
Medina, OH 44256

Robert B. Holman
McDonald, Frank, Hitzeman & Holman
P.O. Box 46390
Cleveland, OH 44146